No. 47,379

State of Kansas, *Appellee*, v. Helen F. Craven, *Appellant.*

(527 P. 2d 1008)

Opinion filed November 2, 1974.

*Roy Kirby*, of Hall, Kirby, Levy & Lively, of Coffeyville, argued the cause and was on the brief for the appellant.

*Raymond W. Radford*, of Chanute, argued the cause, and *Vern Miller*, attorney general, and *Charles F. Forsyth*, of Erie, were with him on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.:   Defendant Helen F. Craven appeals from a jury trial in which she was found guilty of one count of embezzlement, under K. S. A. 21-545 (now repealed), and nine additional counts of exerting unauthorized control over property, in violation of K. S. A. 1971 Supp. 21-3701 (*a*).

During the period of time involved in this action defendant was employed by the City of Erie as assistant city clerk and city treasurer. She was accused of having used her continual access to the utility receipts to remove cash from each day's business, and of withdrawing an equal amount of account slips from the collected account slips used by the city clerk's office to make up the bank deposit. Subsequent to making the bank deposit, it was alleged she reinserted these slips into the number of account slips which were to be credited to the consumers' accounts, or credited such accounts herself; thereby withholding the money while crediting

consumers' accounts, or seeing that they were credited by other personnel in the office. From the shortages discovered by the auditors it was concluded that this procedure was followed from a time beginning January 3, 1968, and ending July 1, 1970. Only defendant and one other woman who was working in the office could be logical suspects. The city hired a firm of auditors who made a detailed "transaction by transaction" search and restructured the city's customer receipts to detemine the exact amount of the shortages. Several months later the defendant's employment was terminated and charges were filed against her.

Prior to the preliminary hearing the prosecutor voluntarily furnished defendant a bill of particiulars. Later, defendant filed a motion in the trial court to make the bill of particulars more definite and certain, and to suppress certain evidence. Both motions were denied by the court. Upon trial, defendant was found guilty on all ten counts, and all post-trial motions were denied.

Defendant's initial claim of error concerns the use of character witnesses to establish the credibility of the state's witnesses when such reputation had not been directly attacked. Both parties agree the general rule in this regard is that evidence of the good reputation of a witness for truth and veracity is inadmissible to support and strengthen his testimony, unless his reputation has been assailed. (*Hanks v. Cab & Baggage Co.,* 112 Kan. 92, 209 Pac. 977; *Kauz v. United States,* 188 F. 2d 9 [5th Cir. 1951].) The real question, however, is what constitutes an attack upon the credibility of a witness. Defendant urges the court to adopt the view that mere contradictory statements by opposing witnesses are not sufficient to warrant the introduction of evidence as to one's reputation for truth and veracity. While defendant's brief cites several authorities from sister states in support of such a rule, the law of Kansas is expressed in *Colvin v. Wilson,* 100 Kan. 247, 164 Pac. 284, where the court stated:

"However, we do not wish to be understood as favoring the adoption of the hard and fast rule that wherever proof has been admitted showing contradictory statements of a witness who is a party concerning matters foreign to the issues the party whose veracity as a witness in the particular instance has been assailed has then the absolute right to offer rebuttal testimony to show his general reputation for truth and veracity. The better rule, we think, is to leave the question of the admissibility of such rebuttal testimony to the sound discretion of the trial court. . . ." (p. 249.)

Although defendant insists she made no attack on the credibility of the state's witnesses, the trial court had the opportunity to hear

the testimony given and subsequently concluded it was proper for the state to offer rebuttal testimony as to the truthfulness of its witnesses. As the record points out, defendant repeatedly contradicted earlier statements given by the state's witnesses, and even stated that one witness "was not telling the truth." In the light of such evidence we cannot say the trial court abused its discretion.

Defendant next contends it was error for the trial court to refuse to enforce a stipulation made with the prosecutor relating to the custody of documentary evidence, and that defendant had the right to examine such documents with her attorney in private. At trial defendant's motion to suppress such evidence was denied by the court. The record clearly demonstrates the county attorney did advise defendant's counsel that he and his client could examine the mass of documentary evidence obtained by the state; however, the record is not clear as to the details of this agreement. Counsel for defendant asserts the county attorney stipulated that both defendant and her attorney could examine this evidence confidentially in the county attorney's office. On the other hand, the county attorney denies making an agreement to allow defendant to examine the documents alone; but he was willing to let them inspect them in the presence of the auditor who had custody of the records, or obtain copies of the records at their own expense. At the argument on the motion to suppress this evidence, the trial court refused to honor the stipulation and informed both parties to that effect.

While the rule is generally recognized that trial courts are ordinarily bound by the stipulations of the litigants (*In re Estate of Maguire*, 204 Kan. 686, 466 P. 2d 358), it is likewise agreed that courts are warranted in relieving parties from stipulations which have been improvidently or mistakenly made. (*White v. Kincade*, 95 Kan. 466, 148 Pac. 607.) Circumstances justifying such relief are summarized in 73 Am. Jur. 2d, Stipulations, § 13, pp. 548-549:

". . . [A] trial court may, in the exercise of judicial discretion, upon proper cause shown, relieve a party from a stipulation entered into in the course of a judicial proceeding when it appears that such relief is necessary to prevent manifest injustice to the parties seeking it, and that the granting of such relief will not place the adverse party at any disadvantage by reason of having acted in reliance upon the stipulation. It has thus been held that a stipulation should only be set aside after placing the parties in approximately the same positions in which they were or in positions of substantially equal advantage. And on appeal, the determination of the trial court as to the propriety of granting such relief will not ordinarily be interfered with, except where a manifest abuse of discretion is disclosed. . . ."

Applying these rules to the facts before us, the trial court was correct in refusing to enforce the alleged stipulation. The record shows that the parties failed to stipulate specifically to the manner of inspection. It would appear there was no meeting of the minds as to whether a third party was to be present while the documents were examined by defendant and her counsel. This being true, there was no abuse of discretion on the part of the trial court in refusing to honor the stipulation.

In the absence of any such stipulation the question arises as to whether there is an inherent right to examine evidence in confidence with one's attorney. While defendant strongly asserts such a proposition, no authority on the issue has been cited. Even though it is generally true that an attorney preparing a case is entitled to do so in confidence with his client, it is quite a different matter to allow defendant and her counsel to inspect documents in the absence of the person having custody of them, particularly in a case where one of the charges against defendant is altering these same documents. K. S. A. 1973 Supp. 22-3212 (5), vests the trial court with broad discretion in making orders for inspection and discovery. Here, defendant was afforded the opportunity of examining the evidence in the presence of the auditor or of making such copies as she desired. Under the circumstances, such conditions were reasonable and the trial court did not abuse its discretion.

Defendant's next point concerns the sufficiency of the bill of particulars furnished to defendant prior to the preliminary hearing. Her motion to make the bill of particulars more definite and certain was denied by the trial court, and she also complains that throughout the trial several witnesses were allowed to testify as to various facts not covered by the bill of particulars.

Statutory authority for a bill of particulars is found in K. S. A. 1973 Supp. 22-3201 (5), which provides:

"(5) When a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare his defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars. At the trial the state's evidence shall be confined to the particulars of the bill."

The purpose of a bill of particulars is to require the state to furnish more specific information concerning the nature of the charge. A bill of particulars is nothing more than a statement of facts which collectively describe the offense set forth in the complaint, informa-

tion or indictment. (*State v. Frames,* 213 Kan. 113, 515 P. 2d 751.) The function of a bill of particulars is to amplify the information by stating more minutely and particularly the charges against the defendant to the end that defendant is able to prepare his defense and avoid surprise. (*State v. Hill,* 211 Kan. 287, 507 P. 2d 342.)

To comply with defendant's argument, the state would be required to set forth in the bill of particulars each specific item of evidence which it intended to introduce. This would be an unreasonable interpretation of the statute. In this case the bill of particulars disclosed when the crime was committed, the place, the manner in which it was accomplished, and an audit disclosing in detail the amount and the date of each defalcation.

In addition to the right to a preliminary hearing, the defense has available, by endorsement on the information, the names of the state's witnesses. The provisions of the code of civil procedure for inspection and discovery may be utilized by the defense. Under these circumstances the defendant had adequate knowledge of the nature of the charges and the opportunity to avoid surprise.

It is not necessary for us to consider the merits of defendant's final contention. Although defendant claims to have objected strenuously to the trial court's Instruction No. 2, the grounds given for the objection were not contained in the record. K. S. A. 1973 Supp. 22-3414 (3) provides no party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous. We cannot say Instruction No. 2 was clearly erroneous.

Affirmed.