No. 76,462

STATE OF KANSAS,, *Appellee*, v. ANTHONY D. STALLINGS, *Appellant..*
(942 P.2d 11)

Opinion filed July 11, 1997.

*Janine Cox*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Alan J. Stecklein*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Anthony D. Stallings, who was convicted of one count of first-degree murder, two counts of aggravated assault, and one count of unlawful possession of a firearm. The defendant appeals, contending the evidence is insufficient to convict him of premeditated first-degree murder and that the trial court erred in restricting the scope of Debra Reese's testimony at trial and in refusing to grant a continuance on the morning of trial so that additional investigation could be accomplished.

In determining whether the evidence is sufficient to convict a defendant of premeditated first-degree murder, the appellate court reviews all of the evidence, viewed in the light most favorable to the prosecution, and then makes a determination whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Pierce*, 260 Kan. 859, Syl. ¶ 7, 927 P.2d 929 (1996).

The victim, Reginald Jefferson, was shot to death outside an after-hours club in Kansas City, Kansas, on June 21, 1993. Four witnesses identified the defendant as the shooter. All four of the witnesses were friends of the victim and did not know the defendant.

There were minor discrepancies in the witnesses' testimony. These discrepancies concerned the number of shots fired (five shots entered the victim's body) and whether the victim was shot in the back (he was not). All of the witnesses clearly testified that

the victim was walking away from a confrontation with the defendant, apparently going to his car, when the defendant started shooting.

The defendant fled the scene of the shooting and concealed himself for approximately 3 months. After his picture was published in the newspaper and shown on television, the defendant turned himself in.

One of the five shots fired at the victim entered his left calf. The pathologist testified that this bullet shattered the leg bone. The pathologist was of the opinion that the victim could not have taken more than one or two steps after being shot in the leg. The pathologist agreed that four out of the five gunshot wounds would be consistent with the victim lying on the ground and turned slightly away from the shooter standing over him. There was no evidence that the victim possessed a gun, and there was ample evidence that the unarmed victim was walking or running away from the confrontation when the first shot was fired.

The State presented four eyewitnesses to the killing. All of the witnesses testified that a confrontation occurred in front of Wilson's, a bar in Kansas City, Kansas, between the defendant and the victim. These four witnesses testified that the victim began to walk away as the defendant pulled his gun and opened fire. The defendant first shot the victim in the leg, causing the victim to fall down holding his leg. The defendant then moved closer and shot the victim four more times. The defendant then pointed the gun at one of the witnesses and said, "Do you want some, too?"

We conclude that after reviewing all of the evidence, viewed in the light most favorable to the State, a rational factfinder could have found the defendant guilty of premeditated first-degree murder beyond a reasonable doubt. "The credibility of witnesses is a determination for the finder of fact, in this case the jury. Witness credibility should not be second-guessed by an appellate court, which only has access to the cold transcript of the trial proceedings." *State v. Wade*, 244 Kan. 136, 146, 766 P.2d 811 (1989).

The defendant also claims that the trial court erred in restricting the scope of a defense witness' testimony at trial. The testimony in question is that of Debra Reese. She had been friends with the

defendant since 1987, and she dated the defendant from 1990 to 1991. Reese was also acquainted with the victim because the victim dated her roommate. The victim made a number of negative comments to Reese about the defendant. Reese relayed these comments to the defendant. Reese planned to testify that the victim had also physically threatened the defendant and that she had relayed those threats to the defendant. One of those threats was allegedly made about 1 month before the shooting.

The trial court granted a motion in limine prohibiting Reese from testifying about the threats the victim had made toward the defendant. Reese was only allowed to testify that the victim had downplayed the defendant's character to her and that she had relayed the victim's comments to the defendant. The court based this ruling on the fact that the defendant, who testified before Reese, had not mentioned in his testimony that anyone had relayed a threat from the victim to him. The defendant testified that the victim had made negative remarks concerning the defendant's character to Reese and that Reese had relayed this information to him. As a result of the defendant's testimony, the trial court reasoned that any threat made by the victim was not a factor in the defendant's actions on the night of the shooting or the defendant would have testified about it. There was no testimony from the defendant that the victim had threatened him in any manner, other than the defendant's testimony that he shot the victim because the victim was advancing toward him and the defendant felt he was in danger of imminent bodily harm. When the defendant wanted to retake the stand to testify that he was aware of the victim's threats made to Reese, the trial court ruled that he could not do so.

"When reviewing a trial court's suppression of evidence, the appellate courts normally give great deference to the factual findings of the trial court. The ultimate determination of the trial court's suppression of evidence is a legal question requiring independent appellate determination." *State v. Vandiver*, 257 Kan. 53, Syl. ¶ 6, 891 P.2d 350 (1995).

The United States Supreme Court has considered a trial court's erroneous exclusion of evidence and said:

" '[An] omission [of evidence] must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional

evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.' " *United States v. Valenzuela-Bernal*, 458 U.S. 858, 868, 73 L. Ed. 2d 1193, 102 S. Ct. 3440 (1982).

Here, in Reese's proffered testimony, she said that the victim had criticized the defendant's character over the past 5 years. She estimated that possibly five of those comments would have constituted a threat. She could not remember what the victim said or when he made such threats. Since Reese's testimony regarding threats was so sketchy, we conclude that any of Reese's threat testimony which was improperly suppressed was harmless error.

"An error of constitutional magnitude is serious and may not be held to be harmless unless the appellate court is willing to declare a belief that it was harmless beyond a reasonable doubt. Before we may declare the error harmless, we must be able to declare beyond a reasonable doubt that the error had little, if any, likelihood of having changed the result of the trial." *State v. Johnson-Howell*, 255 Kan. 928, 944-45, 881 P.2d 1288 (1994).

"Where the evidence of guilt is of such direct and overwhelming nature that it can be said that the erroneous admission [or suppression] of certain other evidence could not have affected the result of the trial, such admission [or suppression] is harmless error." *State v. Thompson*, 221 Kan. 176, 183, 558 P.2d 93 (1976).

The defendant's third issue is that the trial court erred when it refused to grant the defendant a continuance. A pretrial conference was held on December 28, 1994. The trial was set to begin on March 13, 1995. On that morning, the defense counsel asked the court for a week's continuance, stating that the defendant had contacted him the previous Thursday and informed him about the location of more witnesses who might be material to the case of self-defense. The defense counsel was unable to talk to the defendant about the witnesses until the day before the trial. The defense counsel attempted to locate the witnesses and apparently did contact some of them, but not all of them. One of those witnesses was a photographer who was known to all of the parties from the night of the shooting through the trial. The defendant did not tell the court any of the witnesses' names, other than the photographer's name, nor did the defendant proffer any evidence to indicate what

the witnesses would testify to and why the defendant was not aware of their names and what their testimony would be until such a late date.

The trial court based its denial of the request for a continuance on the fact that the defendant had adequate time to prepare for a trial because there was a 3-month time period between the pretrial conference and the trial. Based on the record before us, we are unable to say that the trial court abused its discretion or that the substantial rights of the defendant have been prejudiced.

"In the trial of a criminal charge, the matter of a continuance is within the discretion of the trial court and its ruling will not be disturbed unless such discretion has been abused and the substantial rights of the defendant have been prejudiced." *State v. Dunn*, 243 Kan. 414, 427, 758 P.2d 718 (1988).

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. Judicial discretion must thus be considered as exercisable only within the bounds of reason and justice in the broader sense and be considered abused only when it plainly overpasses those bounds." *State v. Lumbrera*, 257 Kan. 144, 148, 891 P.2d 1096 (1995).

" 'One who asserts that the court has abused its discretion bears the burden of showing such abuse of discretion.' " *State v. Davis*, 256 Kan. 1, 26, 883 P.2d 735 (1994).

Here, the defendant had almost 2 years from the date he was charged and 3 months from the pretrial conference to prepare for trial. He never proffered any information concerning the witnesses, except for one. Other than the photographer, who might have witnessed the verbal confrontation, the court received neither the names of the witnesses nor any information as to what they would testify to. The defense counsel only made the general statement that the witnesses might be helpful in proving self-defense. From the defendant's own testimony, it does not appear that the photographer even witnessed the shooting. The testimony from the defendant was that once the defendant and the victim began yelling at each other, the photographer went back into the bar. In any event, the photographer's name appears to have been known to all of the parties from the date of the shooting and available through

the police reports. There was no indication that the photographer could not be located or that his address was unavailable to the defendant.

The defendant has failed to carry his burden of showing that the trial court abused its discretion. The defendant never offered the names of six of the witnesses to the trial court, nor did he give their names to the appellate court or set forth the substance of their testimony. He makes no explanation as to why he had not discovered the witnesses earlier and previously informed his attorney about the significance of these witnesses. We find no abuse of discretion.

Affirmed.

SIX, J., concurs in the result.