(979 P.2d 1267)

No. 77,692

STATE OF KANSAS, *Appellee/Cross-Appellant*, v. DIANNE M. YOUNG, *Appellant/Cross-Appellee*.

Opinion filed April 23, 1999.

*John W. Leighty*, of Olathe, for appellant/cross-appellee.

*Steven J. Obermeier* and *K. Michael Warner*, assistant district attorneys, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee/cross-appellant.

Before GERNON, P.J., ROYSE, J., and EDWARD E. BOUKER, District Judge, assigned.

GERNON, J.: Dianne M. Young was convicted of mistreatment of a dependent adult. On appeal, she raises several issues, including the constitutionality of the statute, the sufficiency of the evidence, and the denial of her request for a bill of particulars.

The State cross-appeals regarding the giving of an instruction.

## Constitutionality of Statute

Young contends that K.S.A. 21-3437, concerning mistreatment of a dependent adult, is unconstitutionally vague. She filed two motions to dismiss based on this theory. Both were denied.

In *State v. Heironimus*, 262 Kan. 796, 802, 941 P.2d 1356 (1997), the court set forth rules to apply in deciding the constitutionality of a statute:

"Resolving the constitutional status of a statute is a question of law; thus, we exercise an unlimited, de novo standard of review. [Citation omitted.] The constitutionality of a statute is presumed. All doubts must be resolved in favor of its validity. Before a statute may be stricken we must determine, beyond substantial doubt, that the statute violates the constitution. In deciding constitutionality, it is our duty to uphold the statute under attack rather than defeat it."

In determining whether a statute is unconstitutionally vague, two inquiries are appropriate: (1) whether the statute gives fair warning to those persons potentially subject to it and (2) whether the statute adequately guards against arbitrary and discriminatory treatment. *State v. Dunn*, 233 Kan. 411, 418, 662 P.2d 1286 (1983).

Young was charged with violating K.S.A. 21-3437, which provides:

"(a) Mistreatment of a dependent adult is knowingly and intentionally committing one or more of the following acts:

. . . .

(3) omitting or depriving treatment, goods or services by a caretaker or *another person* which are necessary to maintain physical or mental health of a dependent adult.

. . . .

"(c) . . . 'Dependent adult' means an individual 18 years of age or older who is *unable to protect their own interest*." (Emphasis added.)

Young contends that the phrases "another person" and "unable to protect their own interest" are unconstitutionally vague. Young also argues that the statute allows for arbitrary and discriminatory enforcement. She asserts that the vague definition of dependent adult permits arbitrary prosecution because the spectrum of what constitutes a dependent adult is broad.

The only part of the statute validly on appeal is the phrase "unable to protect their own interest." A challenge was not made in the trial court to the phrase "another person," and defense counsel there agreed that the phrase was clear.

We conclude that the statute passes the tests outlined in *Dunn.* The phrase "unable to protect their own interest" is readily understandable by persons of common intelligence. See *Dunn,* 233 Kan. at 418. Therefore, we agree with the trial court's conclusion that the statute is not unconstitutionally vague.

Young's argument that the statute allows for arbitrary and discriminatory enforcement also fails.

## Bill of Particulars

Young contends the denial of a bill of particulars impaired her ability to prepare a defense. She wanted the State to provide specifics regarding the time the crime occurred, the actions or omissions which constituted the crime, and how the victim qualified as a dependent adult.

A bill of particulars has two functions: (1) to inform the defendant of the nature of the charges and the evidence to enable him or her to prepare a defense and (2) to prevent further prosecution for the same offense. *State v. Myatt,* 237 Kan. 17, 29, 697 P.2d 836 (1985).

The standard of review when a bill of particulars is denied is abuse of discretion. *State v. Kee*, 238 Kan. 342, 354, 711 P.2d 746 (1985). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court. *State v. Stallings*, 262 Kan. 721, 726, 942 P.2d 11 (1997).

The trial court correctly concluded that a bill of particulars was unnecessary when the defendant had access to all of the State's evidence. Johnson County District Attorney's Office has an "open file" policy. Young requested particulars 6 months into the case and after full discovery. The fact that full discovery was provided is significant because a bill of particulars is a form of discovery. *State v. Coburn*, 220 Kan. 743, 745, 556 P.2d 376 (1976). The State provided a list of federal cases supporting the supposition that full discovery renders particulars unnecessary. See generally *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979), *cert. denied* 445 U.S. 961 (1980); *United States v. Giese*, 597 F.2d 1170, 1180-81 (9th Cir. 1979), *cert. denied* 444 U.S. 979 (1979).

Next, we consider Young's request for the specific time the offense occurred. If the State is not required to prove the precise time a crime occurred because it is not an essential element of the offense, then a denial of particulars as to time is not error. *Myatt*, 237 Kan. at 28. The complaint alleged the violation occurred between 1993 and 1995. The information provided in discovery raised the possibility that the offense occurred during this entire period. Thus, there was no prejudice from failure to grant particulars as to the time of the offense because Young was aware that the State's allegations regarding the time the offense occurred was an approximation over a 2-year period.

## Sufficiency of the Evidence

Young contends the evidence was insufficient to sustain the conviction. She argues the evidence failed to support a finding that Young withheld any treatment, goods, or services from the victim, John, that were detrimental to his physical or mental health. Young also asserts that a conviction under K.S.A. 21-3437 requires the

State to show that the victim was injured and that such injury was the direct result of the mistreatment.

The standard of review when the sufficiency of the evidence is challenged on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Graham*, 247 Kan. 388, 398, 799 P.2d 1003 (1990).

Young's admission to being John's caretaker, coupled with John's residence in Young's home, supported the finding that Young, at the minimum, knowingly acted or failed to act. Testimony about John's condition and living situation from the EMTs, the emergency room nurse, the police officers, and the treating physicians, in addition to the photographs, supported a finding that Young deprived John of treatment, goods, or services which were necessary for his health. Contrary to Young's assertion, K.S.A. 21-3437 does not require the State to prove the mistreatment resulted in injury to the victim.

## Cross-Appeal

The State appeals the trial court's decision to include a jury instruction creating an affirmative defense to mistreatment of a dependent person.

The State's cross-appeal is dismissed for lack of jurisdiction. The State has preserved a question for review. Under K.S.A. 22-3602(b)(3), "[a]ppeals to the supreme court may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others: . . . (3) upon a question reserved by the prosecution." This question should have been appealed to the Kansas Supreme Court.

Affirmed in part and dismissed in part.