(988 P.2d 745)

No. 79,408

STATE OF KANSAS, *Appellee*, v. HERSHEL ROADEN, *Appellant*.

Opinion filed September 3, 1999.

*Karen A. Eager* and *Hazel Haupt*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Russ Roe*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., ROGG, S.J., and CHIPMAN, S.J.

GREEN, J.: Hershel Roaden was charged with two counts of aggravated indecent liberties with a child, one count of contributing to a child's misconduct, and one count of raping a child under 14 years of age. After a jury trial, Roaden was convicted of rape and was acquitted of the other charges. Roaden was sentenced to 128 months in prison.

Roaden's principal claims on appeal are (1) that improper prejudicial evidence was introduced through the testimony of an assistant district attorney, (2) that the prosecutor's closing argument violated Roaden's right to a fair trial, (3) that the evidence was insufficient to support his rape conviction, (4) that the trial court wrongly allowed evidence of gang membership to be introduced during the trial, and (5) that the trial court erred when it referred to and marked two trial exhibits as appellate exhibits.

In May 1996, 14-year-old M.M. ran away from home after several months of conflicts with her family. She left a note which stated that she could not handle the way things were and that she did not want to be there anymore.

M.M. returned home a week after she had run away. She first told her mother that she had been sleeping in a local park, but her mother did not believe her. M.M. then told her mother that she

had been staying at Roaden's apartment the entire week she had been gone. M.M. also told her mother that she had sexual intercourse with Roaden the last two nights that she was at the apartment.

In addition to the sexual contact at Roaden's apartment, M.M. revealed that in September 1995 she had sexual intercourse with Roaden at his parents' house before he went to jail. This sexual contact occurred before her 14th birthday. Two counts of aggravated indecent liberties and one count of rape were filed as a result of this information.

*Prosecutor's misconduct*

During the State's case in chief, assistant county attorney Thomas P. Alongi was called as a witness by the prosecution. Alongi had conducted the preliminary hearing in Roaden's case and was called to bolster the credibility of M.M. by testifying that he had encouraged her to tell the truth. During his testimony, Alongi offered unsolicited information about other cases involving Roaden and young women:

"[W]e had been getting a lot of juvenile child in need of care cases involving young women who were associated with Mr. Roaden, and my concern was M.M. might feel pressured to testify falsely because of Mr. Roaden or his friends, and what I wanted to do, first of all, was find out if she was going to change her testimony or retract what she had said before, or otherwise contradict her mother's testimony.

. . . .

"Well, I said, 'Look, you know, I know you may feel some loyalty toward Mr. Roaden. I know you may want to protect him,' . . . .

"I wasn't asking her to maximize what Mr. Roaden did or make him look worse than he was, but I expected the truth, and I told her that if she did that, if she stayed at home, didn't run away, listened to her mother, and testified to the truth, that I would make sure Judge Barker, the juvenile judge, knew about it next time we were in court in the [juvenile court] case."

During cross-examination, Alongi stated, "[W]e get a lot of young women, 13, 14, 15 years old, and these men are everything to them, and I was concerned." Alongi also later inferred that Roaden might have been involved in an incident which shattered another young girl's jaw.

Nevertheless, no contemporaneous objection to the testimony was made. " 'A party must make a timely and specific objection to the admission of evidence at trial in order to preserve the issue for appeal.' " *State v. Holbrook,* 261 Kan. 635, 643, 932 P.2d 958 (1997) (quoting *State v. Cheeks,* 258 Kan. 581, 593, 908 P.2d 175 [1995]). On the other hand, our Supreme Court recently stated in *State v. Sperry,* 267 Kan. 287, 309, 978 P.2d 933 (1999), that the plain error rule may be used when "the prosecutor's misconduct is so prejudicial or constitutes a constitutional violation which, if not corrected, will result in injustice or a miscarriage of justice." Did the prosecutor's conduct rise to a level requiring intervention by the trial court or this court? We believe the answer is yes.

As a prosecuting attorney, Alongi knew that his comments were highly prejudicial and were an improper method of rehabilitating a witness. First, Kansas case law does not allow evidence to bolster the credibility of witnesses until their credibility has first been attacked. *State v. Craven,* 215 Kan. 546, 547, 527 P.2d 1003 (1974). From reviewing the record, it is difficult to determine if M.M.'s credibility had been attacked before Alongi's testimony. Second, even if M.M.'s credibility had been attacked, the State's manner of rehabilitating M.M. was improper. When parties wish to rehabilitate a witness, they may do so by calling witnesses who will give reputation or opinion testimony of the impeached witness' character trait for honesty or veracity. See K.S.A. 60-420; K.S.A. 60-422(c); *State v. Lewis,* 252 Kan. 535, 536-37, 847 P.2d 690 (1993); *Herbstreith v. de Bakker,* 249 Kan. 67, 76-77, 815 P.2d 102 (1991). In addition, parties may rehabilitate witnesses by showing that the witnesses made prior statements consistent with their testimony. *State v. Hobson,* 234 Kan. 133, 149-50, 671 P.2d 1365 (1983); *State v. Fouts,* 169 Kan. 686, Syl. ¶ 4, 221 P.2d 841 (1950). Here, the State failed to use either method in its attempt to bolster M.M.'s credibility.

In stating that the duty of a prosecutor is to insure that only competent evidence is submitted to the jury, our Supreme Court in *State v. Ruff,* 252 Kan. 625, 636, 847 P.2d 1258 (1993), stated: "The prosecutor is under a duty to insure that only competent evidence is submitted to the jury. Above all, the prosecutor must

guard against anything that could prejudice the minds of the jurors and hinder them from considering only the evidence adduced."

Here, the State failed its duty in two respects. First, Alongi's testimony accusing Roaden of other unspecified misconduct with young women and of instigating, but escaping responsibility for, the aggravated battery of another young woman was not competent evidence. Second, the purpose of Alongi's testimony was to prejudice the minds of the jurors against Roaden and to keep the jurors from considering only the evidence presented.

Although the State introduced a letter written by Roaden to M.M. indicating the two had engaged in sexual intercourse, the letter failed to prove that they had actually engaged in sexual intercourse. Moreover, in a later letter that Roaden wrote to M.M., he fantasized about being with M.M. Because the majority of the State's case rested on the jury believing M.M.'s testimony, the State's improper bolstering of M.M.'s credibility could have affected the verdict reached in this case. Roaden maintains that Alongi's prejudicial testimony deprived him of a fair trial. We agree. Under the facts of this case, we determine that the improper conduct of the prosecutor constitutes reversible error requiring the granting of a new trial in this matter.

*Closing argument*

During closing argument, the prosecutor attacked the credibility of defense witnesses, accused them of collusion, and told the jury that he would disregard the defense testimony if he were on the jury. Although the prosecutor did not directly call the witnesses liars, the prosecutor's comments were inappropriate. We recently reversed and remanded for a new trial for prosecutorial misconduct when the word "liar" was used in closing arguments. *State v. Lockhart*, 24 Kan. App. 2d 488, 491-93, 947 P.2d 461, *rev. denied* 263 Kan. 889 (1997).

*Gang membership*

Roaden next argues that the trial court erred in admitting evidence that he was a member of the Nutty Block Crips gang. He contends that this evidence was irrelevant, was highly prejudicial, and should not have been admitted. He also claims the trial court

erred by allowing Officer Hester to testify as an expert in the field of street gangs.

Abuse of discretion is the appropriate standard of review when reviewing the admission of gang evidence. *State v. Mathenia,* 262 Kan. 890, 901, 942 P.2d 624 (1997). Judicial discretion is abused when the judicial action is arbitrary, fanciful, or unreasonable. Discretion is abused only when no reasonable person would take the view adopted by the district court. *State v. Stallings,* 262 Kan. 721, 726, 942 P.2d 11 (1997). The district court has discretion to exclude evidence when its probative value is outweighed by its prejudicial effect. *State v. Toney,* 253 Kan. 651, 653, 862 P.2d 350 (1993).

In the case before the court, the State questioned several of Roaden's witnesses about whether Roaden was a member of the Nutty Block Crips and whether they themselves were members of a gang. All the witnesses denied that they belonged to a gang, and some indicated that Roaden might belong to a gang. The State then introduced evidence on rebuttal that some of the witnesses were indeed gang members and that gang members would have a tendency to lie to protect one another.

Gang evidence is probative to show witness bias. *State v. Knighten,* 260 Kan. 47, 54, 917 P.2d 1324 (1996). Our Supreme Court has stated:

" 'The probative value of evidence of gang membership as it pertains to witness bias is high. In *United States v. Abel,* 469 U.S. 45, 49, 83 L. Ed. 2d 450, 105 S. Ct. 465 (1984), the United States Supreme Court held that evidence of gang membership is probative of witness bias, and that "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." [Citation omitted.]' " *State v. Green,* 260 Kan. 471, 475, 920 P.2d 414 (1996).

Here, evidence was presented of possible gang affiliation. It is the jury's duty to weigh the evidence to assess the credibility of witnesses. The trial court did not abuse its discretion by allowing the evidence for the purpose of showing witness bias.

Roaden failed to object to the qualifications of Hester as an expert on gangs in the Junction City area. An issue not presented to the trial court will not be considered for the first time on appeal.

*State v. Gardner,* 264 Kan. 95, 106, 955 P.2d 1199 (1998). This issue is not properly preserved for appeal.

*Appellate exhibits*

The trial court clearly made references to appellate procedures within the presence of the jury when it referred to two trial exhibits as appellate exhibits. Our Supreme Court has held that a trial judge shall not refer to the defendant's right to appeal in front of the jury. *State v. Nguyen,* 251 Kan. 69, 80, 833 P.2d 937 (1992). "Any such reference invites a defendant to appeal whether the remark was prejudicial." 251 Kan. at 80. In *Nguyen,* the judge was conducting the jury orientation about the court procedures when he mentioned the right to appeal. This was before the jury began deliberations. In *Nguyen,* the court affirmed the conviction, holding that the defendant did not show prejudice. 251 Kan. at 80.

Because we are reversing and remanding this case for a new trial, we need not address this issue further. In addition, we have not addressed the sufficiency of the evidence argument for the same reason.

Reversed and remanded.