(922 P.2d 1118)
No. 72,820

STATE OF KANSAS, *Appellee*, v. STACEY E. BRYANT, *Appellant*.

Opinion filed August 9, 1996.

*Randall L. Hodgkinson* and *Reid T. Nelson*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Doyle Baker* and *David Lowden*, assistant district attorneys, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON P.J., MARQUARDT, J., and STEPHEN D. HILL, District Judge, assigned.

HILL, J.: Stacey E. Bryant appeals his convictions of attempted aggravated robbery and felony theft, but not his burglary conviction. At his trial, Bryant admitted committing burglary and theft and apologized to the jury for his actions, but now feels he was wrongfully convicted of attempted aggravated robbery and felony theft.

On November 8, 1993, the Wichita police received a phone call reporting a home burglary in progress. The caller identified two male suspects as leaving the scene in a late model blue Cadillac automobile. Two officers responded to the call and pulled over a car matching that description. Bryant, who was sitting in the passenger seat of the Cadillac, jumped out of the car and ran from the officers. One of the officers chased Bryant but lost him. Another officer then continued the chase and pursued Bryant.

While Bryant and the police officer were running down the street, a van slowed so it would not hit them. Bryant ran to the driver's side of the van, opened the door, and appeared to attempt to pull the driver out. The officer could see Bryant pull his body up halfway into the van as if he were trying to crawl onto the driver's lap. Bryant grabbed at the driver's hand, arm, and chest. The van accelerated with Bryant hanging out the open driver's door. The van veered and swerved and eventually came to rest sideways in the street. Bryant got out.

The police officer, still pursuing Bryant, saw him walk over to a car that was stopped at a stop sign. Bryant appeared to try to open the door but was unable to do so. Bryant walked away and was eventually placed under arrest by the officer.

The jury convicted Bryant of burglary, theft, and attempted aggravated robbery of the van driver. Bryant was sentenced to 51 months for attempted aggravated robbery, 21 months for burglary, and 10 months for felony theft. The burglary and theft sentences

are to be served concurrent with each other but consecutive to the attempted aggravated robbery sentence.

On appeal, Bryant argues that there was insufficient evidence to sustain a conviction for attempted aggravated robbery, that the trial court erred when it failed to give the jury the definition of bodily harm, and that the trial court should have instructed the jury on the lesser included offense of misdemeanor theft. After oral argument, the issue of an illegal sentence was brought forward by Bryant. We will deal with the issues in order.

Bryant argues that the evidence was insufficient in two areas. First, he argues that the driver of the van did not suffer sufficient bodily harm to sustain a conviction for attempted aggravated robbery and, second, that he did not touch the driver with unnecessary force.

"If the sufficiency of evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Timley*, 255 Kan. 286, Syl. ¶ 13, 875 P.2d 242 (1994).

In examining the evidence in a light most favorable to the prosecution, we determine that there was sufficient evidence presented that would convince a rational factfinder beyond a reasonable doubt that Bryant was guilty of attempted aggravated robbery. Robbery, pursuant to K.S.A. 1993 Supp. 21-3426, is the taking of property from the victim by force or threat of bodily harm. Aggravated robbery is robbery committed by a robber who is armed with a dangerous weapon or inflicts bodily harm upon his victim during the course of the robbery. K.S.A. 1993 Supp. 21-3427. Bryant was not armed with a deadly weapon in this case, so we must concentrate upon the question of bodily harm.

No cases dealing with the aggravated robbery statute have defined bodily harm. Bodily harm definitions used in aggravated kidnapping cases are appropriate for use here. A "note on use" in the PIK instruction for aggravated kidnapping, PIK Crim. 3d 56.25, states:

" 'Bodily harm' includes any act of physical violence even though no permanent injury results. Trivial or insignificant bruises or impressions resulting from the act

itself should not be considered as 'bodily harm.' Unnecessary acts of violence upon the victim, and those occurring after the initial abduction would constitute 'bodily harm.' *State v. Sanders*, 225 Kan. 156, 587 P.2d 906 (1978)."

In *State v. Taylor*, 217 Kan. 706, 714, 538 P.2d 1375 (1975), the court noted that the legislature created the difference between aggravated kidnapping and kidnapping in order to deter unnecessary acts of violence upon victims. The court recognized that some trivial injuries were likely to result from the very act of kidnapping. They ruled, however, that "insignificant bruises or impressions resulting from the act itself are not what the legislature had in mind when it made 'bodily harm' the factor which subjects one kidnapper to a more severe penalty than another." 217 Kan. at 714. Later, the court in *State v. Mason*, 250 Kan. 393, 827 P.2d 748 (1992), refused to narrow the definition of bodily harm by including the term "substantial." In that case, the trial court defined bodily harm as " 'any touching of the victim against the victim's will, with physical force, in an intentional, hostile and aggravated manner, or the *projecting of such force against the victim by the kidnapper.*' " (Emphasis added.) 250 Kan. at 396. The defendant in *Mason* wanted to narrow the definition of bodily harm to exclude trivial injuries and include the term "substantial," but the court refused. 250 Kan. at 397-98.

Similar principles should apply to aggravated robbery and robbery cases. Some trivial injuries can happen in the course of a robbery, but bodily harm that leaves permanent scarring or unnecessary acts of violence committed upon a victim transforms the robbery into aggravated robbery.

Bryant argues that the driver's injuries were insignificant and did not result from any intentional violence that he applied against the driver. The evidence revealed that Bryant tried to pull the driver from the van. As a result of this intentional, hostile act, the driver's knuckles were cut. The cut was bleeding and required attention by emergency medical personnel. There is some permanent scarring on the driver's hands.

The injuries in this case are similar to the injuries suffered in *Mason*. In that instance, an 89-year-old victim was dragged upon the floor of her home, the examining physician described the vic-

tim's injuries as a number of bruises and scratches on her arms, a scratch on her ankle, an abrasion on her lower mid-abdomen, and tender ribs. The *Mason* court concluded that the evidence was clearly sufficient to prove the victim suffered bodily injury. 250 Kan. at 398.

In this case, although the driver did not know exactly how he sustained his injuries, he did acknowledge that his knuckles were cut and that the injuries did occur during the attempted carjacking. He did have a "knot" near the cut and has a scar. We find that the evidence of such injuries constitutes sufficient bodily harm in order to sustain a conviction of attempted aggravated robbery.

Moreover, it is clear that Bryant's actions were particularly violent, as contemplated in *State v. Taylor*, 217 Kan. at 714, where the defendant threw a 7-year-old child who could not swim into a river. In that case, the court ruled that the violent behavior of throwing the child into the river constituted bodily harm. Bryant's actions of jerking open the door to the van, attempting to pull the driver out of his vehicle while it was moving, and forcing the driver to defend himself and his property clearly shows intent to rob the victim and an application of force that is hostile and violent. His actions were aggravated and particularly threatening.

Turning next to the issue of whether the trial court should have instructed the jury on the definition of bodily harm, the standard we must deal with is whether it was clearly erroneous for the trial court to omit such an instruction.

"No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he or she objects and the grounds for the objection, unless the instruction is clearly erroneous. K.S.A. 22-3414(3). An instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict. [Citation omitted.]" *State v. Whitaker*, 255 Kan. 118, 125, 872 P.2d 278 (1994).

Bryant did not ask for a definition of bodily harm instruction to be given to the jury. The trial court did, however, instruct the jury on the law of attempted aggravated robbery and the lesser included offense of attempted robbery. The difference between these two

instructions is that the attempted robbery instruction omits the element of the aggravated robbery instruction which states "that the defendant inflicted bodily harm on any person in the course of such conduct."

We cannot reach a firm conviction that the jury might have come to a different verdict had a·definition of bodily harm been given in this case. Clearly, the options available to the jury were to determine the difference between guilty of attempted aggravated robbery, guilty of attempted robbery, or not guilty. The difference between the two crimes is the presence or absence of bodily harm. As instructed, and from the evidence, it is clear that the jury had to consider Bryant's argument that he had not inflicted any bodily harm on his victim but rejected that argument when it chose between attempted aggravated robbery and attempted robbery. Had the jury been convinced that there was no bodily harm, it could have found Bryant guilty of attempted robbery or, if it had been convinced that he was merely asking for a ride, it could have found him not guilty. We cannot find that it was clearly erroneous for the trial court to fail to give a definition of bodily harm.

The final issue is whether the court erred when it did not give an instruction on the lesser included crime of misdemeanor theft. We conclude that the court did not need to give a misdemeanor theft instruction. The victim of the theft in this case testified that the value of the property stolen from her home was greater than $500. One coat was valued at $400 and another was valued at $30. Assorted jewelry valued at $40 was taken, as well as a television set with a value of $175. No other testimony about value was presented by either Bryant or the State.

The law concerning lesser included offense instructions states:

"The defendant has a right.to have the court instruct the jury on all lesser included offenses established by substantial evidence, however weak, unsatisfactory, or inconclusive the evidence may appear to the court. Even the unsupported testimony of the defendant alone, if tending to establish such lesser offense, is sufficient to require the court to so instruct. However, the evidence must be substantial and there must be evidence which, when viewed in a light most favorable to the defendant, would justify a jury finding in accordance with the defendant's theory." *State v. Harmon*, 254 Kan. 87, Syl. ¶ 1, 865 P.2d 1011 (1993).

The courts in Kansas have held that the value of property is determined as the fair market value of the items taken at the time of the theft. *State v. Owens*, 248 Kan. 273, 285, 807 P.2d 101 (1991). Furthermore, an owner is qualified to express an opinion as to the value of the items taken. *State v. Hinckley*, 13 Kan. App. 2d 417, 419, 777 P.2d 857 (1989). Even though misdemeanor theft is clearly a lesser included offense of felony theft, it is not necessary to give the instruction where the value of the stolen goods is established to be over the felony limit and where there is no evidence of a value of less than the felony limit. See *State v. Robinson*, 4 Kan. App. 2d 428, 429, 608 P.2d 1014 (1980). We find no evidence in the record which would compel the trial court to instruct on the lesser included offense of misdemeanor theft in this case.

We affirm the convictions of felony theft, burglary, and attempted aggravated robbery.

The sentencing court used criminal history category "E" in passing sentence upon Bryant's burglary and theft convictions. The court did so in error. Both parties agree that the trial court should have used criminal history category "I" in passing sentence for the burglary and theft convictions. The statute in effect at the time of the commission of these offenses defined a "conviction event" as one or more felony convictions occurring on the same day within a single court. See K.S.A. 1993 Supp. 21-4703(c). Bryant's convictions in case No. 93 CR 1975 and case No. 94 CR 128 constitute one conviction event. The trial court in this case should impose a base sentence for the attempted aggravated robbery conviction using a criminal history of category "E" but, pursuant to K.S.A. 1993 Supp. 21-4720(b)(5), use criminal history category "I" in determining Bryant's sentence for burglary and theft.

Convictions affirmed, sentences vacated, and case remanded for resentencing.