(995 P.2d 876)

No. 78,13█

STATE OF KANSAS, *Appellee*, v. AARON KINMON, JR., *Appellant*.

Opinion filed February 19, 1999.

*Rebecca E. Woodman*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Tony W. Rues*, assistant district attorney, *Joan Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., LEWIS, J., and ROGG, S.J.

ROGG, J.: Aaron Kinmon, Jr., was convicted of possession of cocaine and possession of drug paraphernalia. On appeal, he challenges the instructions given to the jury.

This is a case which concerns the adequacy of jury instructions. In March 1995, the Topeka Police Department executed a search warrant for a residence in Topeka. Kinmon was in the residence and was taken into custody. He was charged with possession of cocaine with intent to sell, failure to have drug tax stamps, and possession of drug paraphernalia.

The State based its possession allegations on cocaine that was found in two places. A cigarette case in Kinmon's pocket contained cigarettes and a piece of rock cocaine wrapped in cellophane. A magnetic key holder found under a couch contained nine cocaine rocks individually wrapped in cellophane. One of the officers testified that he saw Kinmon place the key holder under the couch after the police had entered the residence. Two officers testified that no one else had had an opportunity to put the key holder there.

Kinmon's defense was that the cigarette case, the key holder, and the cocaine were not his. Kinmon testified that the cigarette case belonged to a woman who was in the house and that he had just gotten it out of her coat to get a cigarette when the police arrived. Prentice Ross, who had originally been charged with Kinmon in the case, testified that the cocaine in the key holder was his and that he had thrown it under the couch when the officers came through the door of the residence. Ross stated that he had already been prosecuted in connection with this incident. His conviction was for possession of drug paraphernalia.

The charge for failure to have drug tax stamps was based on the cocaine found in the key holder. The drug paraphernalia count could relate to the cocaine found in either the cigarette case or the key holder.

On the possession of cocaine with intent to sell charge, the jury found Kinmon guilty of the lesser offense of possession of cocaine. Kinmon was also found guilty of possessing drug paraphernalia. The jury found Kinmon not guilty of possessing more than 1 gram of cocaine without tax stamps.

Kinmon claims that the jury did not return a unanimous verdict. He argues that the failure of the court to instruct the jurors that they must all agree on the specific act constituting the crime is reversible error.

The issue is whether this is an alternative means case or a multiple acts case. The distinction between these cases is made in *State v. Timley*, 255 Kan. 286, 875 P.2d 242 (1994). In an alternative means case, a single offense may be committed in more than one way. The jury must be unanimous as to the guilt of the defendant for the crime charged, but unanimity is not required as to the means by which the crime was committed so long as substantial evidence supports each alternative means. In a multiple acts case, several acts are alleged and any one of them could support the crime charged. In multiple acts cases, the jury must be unanimous as to which act or incident constitutes the crime. 255 Kan. 286, Syl. ¶¶ 1 and 2.

This is a multiple acts case. The jury could have found Kinmon guilty based on either possession of the cigarette case or possession

of the key holder. There was no instruction informing the jurors that all of them had to agree that the same underlying criminal act had to be proved beyond a reasonable doubt. In voting to convict Kinmon, different jurors could have relied on different acts. Kinmon did not request the appropriate instruction, but the language in *Timley* makes clear that this is clear error and the conviction cannot stand when there is no assurance that the verdict was unanimous. Our reversal based on erroneous jury instructions makes moot other claims of error.

Reversed and remanded for new trial.