(988 P.2d 250)

No. 79,957

STATE OF KANSAS, *Appellee*, v. ROBERT E. BARBER, a/k/a/ ROBERT HICKLES, *Appellant*.

Opinion filed July 30, 1999.

*Joseph P. Leon*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Kenley J. Thompson*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and JACKSON, S.J.

KNUDSON, J.: Robert E. Barber appeals his jury trial conviction for criminal possession of a firearm. On appeal, Barber argues that the trial court erred in failing to instruct the jury that to convict, all of the jurors had to agree that the same underlying criminal act had been proven beyond a reasonable doubt and further erred in omitting an element of the crime from the elements instruction.

We reverse and remand for new trial, because it is not possible to conclude the jury rendered a unanimous verdict based upon the same underlying act of possession.

The State's evidence was that Barber, a convicted felon, possessed a gun during a disturbance. As Barber left the scene, a passenger in his car threw the gun from the window of the car. Barber, apparently not satisfied enough violence had been encountered for one day, later returned with another gun in his possession. Upon this set of factual circumstances, Barber was charged with one count of criminal possession of a firearm under K.S.A. 21-4204(a)(4).

At trial, the jury was given, without objection, the following elements instruction:

"The defendant is charged in Count II with criminal possession of a firearm. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant knowingly had possession of a firearm; and

"2. That this act occurred on or about the 5th day of October 1996 in Labette County, Kansas."

Clearly, the jurors were not instructed that they must all agree that the same criminal act must be proved beyond a reasonable doubt before finding Barber guilty of the crime. In *State v. Timley*, 255 Kan. 286, 289-90, 875 P.2d 242 (1994)(quoting *State v. Kitchen*, 110 Wash. 2d 403, 410, 756 P.2d 105 [1988]), the Supreme Court implicitly acknowledged such an instruction is necessary to insure jury unanimity in multiple acts cases.

The State appears to concede a specific multiple acts instruction should have been given but contends that Barber is precluded from raising this issue because no timely objection was made before submission to the jury. K.S.A. 22-3414(3) states, in material part: "No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous."

We do not agree that the failure to give a multiple acts instruction, when the giving of such instruction is required by the evidence, permits review under a clearly erroneous standard. The trial court's failure to so instruct the jury prevents an objective analysis as to whether the jury unanimously agreed Barber was guilty of committing a specific criminal act. And to quantify the evidence does not solve this Sixth Amendment problem—no amount of analysis would ever permit us to say the jury unanimously agreed to the underlying act supporting the conviction. Under such circumstances, the trial court's failure to give a multiple acts instruction constitutes structural error, requiring that Barber's conviction be set aside. See *Sullivan v. Louisiana*, 508 U.S. 275, 281-82, 124 L. Ed. 2d 182, 113 S. Ct. 2078 (1993).

We turn next to Barber's contention on appeal that the trial court committed reversible error by not including the necessary element of Barber's prior conviction of a felony in the elements instruction. We agree the prior conviction is an element of the offense under K.S.A. 21-4204(a)(4). However, because we have already concluded this case must be retried, we see no reason to consider this issue upon its merits. Upon remand, the parties and trial court are referred to *State v. Lee*, 266 Kan. 804, 815-16, 977 P.2d 263 (1999), which tangentially addresses this issue and directs how the jury should be instructed.

Reversed and remanded for a new trial.