(8 P.3d 1)

No. 79,565

GERALD J. CRUTCHER, *Appellant*, v. STATE OF KANSAS, *Appellee.*

—

Opinion filed August 13, 1999.

*Michael D. Reed*, of Olathe, for appellant, and *Gerald J. Crutcher*, appellant pro se.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., RULON and GREEN, JJ.

ELLIOTT, J.: Gerald J. Crutcher appeals the denial of his K.S.A. 60-1507 petition. Appellant was convicted of two counts of aggravated incest; we affirmed the convictions, where appellate counsel raised mostly evidentiary issues (No. 72,226, unpublished opinion filed May 24, 1996). Appellant then requested sentence modification which was denied; we affirmed that decision (No. 78,288, unpublished opinion filed October 31, 1997). Appellant then filed his 60-1507 proceeding raising, *inter alia*, nonunanimous verdict issues and double jeopardy issues. The petition was denied without comment and this appeal follows. We reverse and remand.

In the present case, each count charged appellant with a single ongoing offense of aggravated incest covering the same time period. In other words, appellant was charged with two identical counts of aggravated incest. The victim could not recall how many times she had been molested but testified to at least four incidents.

In Kansas, aggravated incest is both a specific intent crime and a single act crime for which multiple acts can be charged. See *Carmichael v. State*, 255 Kan. 10, 17, 872 P.2d 240 (1994); *State v. Esher*, 22 Kan. App. 2d 779, 783, 922 P.2d 1123 (1996).

We must ask ourselves, for which occasion of alleged criminal conduct was appellant convicted? Even if the jury believed that at least two incidents occurred and that they occurred between January 1, 1992, and November 1, 1992, there is no way to determine *which* incidents the jury utilized in convicting. When faced with allegations of multiple incidents of abuse, while the State may charge multiple counts, the State must elect at some point the incidents for which adequate proof has been presented or give a unanimity instruction (the "either/or rule"). See *State v. Timley*, 255 Kan. 286, 289-90, 875 P.2d 242 (1994) (cites with approval application of either/or rule in multiple acts crime cases).

The State cannot treat aggravated incest as a single act crime for purposes of charging multiple counts and at the same time treat the crime as a continuous course of conduct crime for purposes of admitting evidence. To permit the State to both charge a defendant with multiple counts of a single act crime and present evidence as if it were a continuous course of conduct crime would circumvent constitutionally guaranteed protections. If appellant were again prosecuted for sexually abusing C.C. during the same time frame, there is nothing in this record to determine *which* incidents provided the basis for his convictions.

Appellant contends his right to a unanimous verdict was violated by the trial court's failure to give a unanimity instruction. Appellant failed to object at the trial court. See K.S.A. 22-3414(3). But where the giving of a unanimity instruction is required by the evidence, review is not permitted under a clearly erroneous standard; the failure to give the instruction becomes structural error requiring

reversal. See *State v. Barber*, 26 Kan. App. 2d 330, 988 P.2d 250 (1999).

*Barber* is instructive. Barber was convicted of a single count of criminal possession of a firearm. The State's evidence was that Barber, a convicted felon, possessed a gun during a disturbance and later returned to the scene with another gun in his possession. The *Barber* court stated the Supreme Court in *Timley* implicitly acknowledged that a unanimity instruction is necessary to insure jury unanimity in multiple acts cases. *Barber*, 26 Kan. App. 2d at 331.

Further, the *Barber* court held:

"The trial court's failure to so instruct the jury prevents an objective analysis as to whether the jury unanimously agreed Barber was guilty of committing a specific criminal act. And to quantify the evidence does not solve this Sixth Amendment problem—no amount of analysis would ever permit us to say the jury unanimously agreed to the underlying act supporting the conviction." *Barber*, 26 Kan. App. 2d at 331.

We face the same problem in the present case. Under the facts of this case, no amount of analysis would ever permit us to say the jury unanimously agreed to the underlying act supporting each of the two counts. And courts should not roam the unfenced fields of conjecture and speculation. See *Larson v. Bath*, 15 Kan. App. 2d 42, 45, 801 P.2d 1331 (1990), *rev. denied* 248 Kan. 996 (1991).

It is for the legislature to determine that aggravated incest is a continuing course of conduct crime, thus allowing a defendant to be charged without specific dates. This would presumably allow generic evidence and would not require the State to elect or require the court to give a unanimity instruction. See *State v. Dell'Orfano*, 651 So. 2d 1213 (Fla. Dist. App. 1995).

The convictions are reversed and remanded for new trial.