(4 P.3d 1178)

No. 82,309

STATE OF KANSAS, *Appellee*, v. ROBERT W. WELLBORN, *Appellant*.

Opinion filed April 28, 2000.

*Francis E. Meisenheimer*, of Martindell, Swearer & Shaffer, L.L.P., of Hutchinson, for appellant.

*Melanie S. Pfeifer* and *Jared Maag*, assistant attorneys general, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., BEIER, J., and PADDOCK, S.J.

ELLIOTT, J.: Robert W. Wellborn appeals his convictions of rape and four counts of aggravated indecent liberties with a child. The victim was defendant's daughter.

We are compelled to reverse and remand for a new trial.

The record on appeal contains conflicting testimony which, if believed, would support the convictions—if only we were comfortable in concluding the jury unanimously agreed on a single act during the various time periods charged. Counts 1 and 2 alleged single acts occurring between May and July 1995; Counts 3 and 4 charged acts between January and June 1996; and Count 5 charged activity in April 1997.

With respect to Counts 1 and 2, the victim testified the behavior of defendant occurred almost every night during the time frame charged. With respect to Count 3, the victim testified the activity happened almost every day. Regarding Count 4, the victim testified the touching continued during her visits and 8 weeks during the

summer. In particular, the victim described an incident where defendant had his hands down the front of her shorts and underwear when defendant's new wife walked into the room. The new wife testified she saw defendant rubbing the victim's stomach, but his hands were not under the shorts she was wearing.

With respect to Count 5, the victim testified the incident occurred on a Saturday afternoon and also on a Sunday morning.

Conflicting testimony was presented by the parties relative to all five counts. Additionally, defendant presented testimony of a social worker indicating the need for a child abuse evaluation in determining the validity of an alleged victim's accusations (none was done in the present case).

At trial, defendant requested instructions requiring that the jury unanimously agree he committed the same act or all the acts described by the victim during the time periods. The trial court refused to give the requested instructions. Each of the counts filed by the State was alleged to have occurred over a period of time; the State presented evidence of multiple acts during each time frame. The State did not elect a specific act for each count, nor did the trial court instruct the jury on the need for unanimity as to the specific act supporting the convictions for each count. See *State v. Timley*, 255 Kan. 286, Syl. ¶ 2, 875 P.2d 242 (1994).

The trial court's failure to instruct as to unanimity prevents our objective analysis as to whether the jury unanimously agreed defendant was guilty of committing a single, specific criminal act. *State v. Barber*, 26 Kan. App. 2d 330, 331, 988 P.2d 250 (1999). Quantifying the evidence does not solve the problem because no amount of analysis could permit us to say the jury unanimously agreed to an underlying act supporting the conviction. The trial court's refusal to give the instruction is structural error, requiring that the conviction be set aside. *Barber*, 26 Kan. App. 2d at 331; see *Sullivan v. Louisiana*, 508 U.S. 275, 281-82, 124 L. Ed. 2d 182, 113 S. Ct. 2078 (1993).

In short, in a multiple acts case such as this, the jury must unanimously agree upon the underlying criminal act supporting the conviction. Further, the failure of the trial court to give the unanimous/multiple acts instruction constitutes structural error, precluding a

harmless error review or a clearly erroneous review. See *Barber*, 26 Kan. App. 2d 330, Syl. ¶¶ 1, 2.

If the legislature were to mandate that the crimes charged here are continuous course of conduct crimes rather than single act crimes, a defendant could be charged and convicted without the articulation of specific dates. Generic evidence could be sufficient, and the court would not be required to give a unanimity instruction. *Cf., e.g., State v. Dell'Orfano*, 651 So. 2d 1213, 1215 (Fla. Dist. App. 1995). In the absence of such legislative action, specificity of proof and a unanimity instruction are essential.

Defendant also contends the prosecutor made improper, prejudicial remarks during closing argument, denying him a fair trial. The issue fails. *State v. Pabst*, 268 Kan. 501, 996 P.2d 321; *State v. Bird*, 238 Kan. 160, Syl. ¶ 14, 708 P.2d 946 (1985). Although the prosecutor should have refrained from expressing her personal opinion, her limited inappropriate remarks were harmless.

We are compelled to reverse and remand for a new trial.