(9 P.3d 601)
No. 83,067

STATE OF KANSAS, *Appellee*, v. SCOTT L. STAGGS, *Appellant*.

Opinion filed August 4, 2000.

*Jessica R. Kunen*, chief appellate defender, for appellant.

*Vernon E. Buck*, assistant county attorney, *Joe E. Lee*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., RULON, J., and STEPHEN D. HILL, District Judge, assigned.

RULON, J.: Defendant Scott Staggs appeals his conviction for aggravated battery after a jury trial. We affirm.

A detailed discussion of the underlying facts is not required for our resolution of the issues presented. The material facts are as follows:

The victim testified that after the defendant was told to leave the victim's girlfriend alone, defendant knocked the victim to the ground. While the victim was lying on the ground, he remembered

defendant kicking him several times. The victim sustained a broken cheek bone during the altercation. Defendant claimed self-defense and suggested the victim was the initial aggressor. The defendant admitted punching the victim but denied kicking him in the face.

## COMPETENCY

Although defendant presented no evidence to the contrary, defendant argues the district court abused its discretion in finding him competent to stand trial based solely on a Larned State Hospital report. Our standard of review is abuse of discretion. *State v. Peckham*, 255 Kan. 310, 325, 875 P.2d 257 (1994). If reasonable persons could differ as to the suitability of the judicial action, we cannot conclude the district court abused its discretion.

The procedure and statutory requirements for determining competency to stand trial are contained in K.S.A. 22-3301 and K.S.A. 22-3302. K.S.A. 22-3302(3) authorizes a trial court to send a defendant to a state security hospital. If the defendant is found competent, the proceedings resume. K.S.A. 22-3302(4). The Kansas statutory scheme does not require a full-blown adversarial hearing, as long as a defendant is given an opportunity to present evidence of incompetency. *State v. Costa*, 228 Kan. 308, 317, 613 P.2d 1359 (1980).

In this case, defendant filed a pretrial motion seeking a competency evaluation. Accordingly, defendant bore the burden of going forward with the evidence. *State v. Cellier*, 263 Kan. 54, 70, 948 P.2d 616 (1997). The trial court provided an opportunity for the defendant and his counsel to present evidence of incompetency. Defendant presented no evidence to show that defense counsel was unable to prepare a defense, that defendant did not understand the nature and purpose of the proceedings against him, or that defendant was unable to assist in making his defense. Under all the circumstances shown in the record, the trial court did not abuse its discretion in its ruling involving defendant's competency to stand trial. See *State v. Boan*, 235 Kan. 800, 802-03, 686 P.2d 160 (1984) (trial court did not abuse its discretion in finding defendant competent to stand trial based on a Larned State Hospital report); *Costa*, 228 Kan. at 317-18 (trial court did not abuse its

discretion where defendant failed to present evidence of incompetence).

## MULTIPLE ACTS

The State charged defendant with aggravated battery under K.S.A. 21-3414(a)(1)(B) and (C). Now defendant argues the district court erred when it failed to instruct jurors they must unanimously agree about the underlying criminal act supporting the charge of aggravated battery. Under defendant's theory, some jurors may have found defendant kicked the victim, and others may have found defendant punched the victim. On the other hand, the State contends defendant waived the argument because he did not make a timely objection.

The dispositive issue for us is whether defendant's conduct is part of one "act" or represents distinct and separate "acts" in and of themselves. In *State v. Barber*, 26 Kan. App. 2d 330, 988 P.2d 250 (1999), a jury convicted the defendant of unlawful possession of a firearm. However, the evidence established two separate and distinct instances of possession of different guns at different times. This court concluded the trial court's failure to instruct as to unanimity prevented objective analysis as to whether the jury unanimously agreed the defendant was guilty of committing a single, specific criminal act. 26 Kan. App. 2d at 331.

Here, the State could not have charged defendant with two counts of aggravated battery—one for the punch and one for the kick—because the charges would be multiplicitous. For example, in *State v. Perry*, 266 Kan. 224, 230, 968 P.2d 674 (1998), the evidence established that Perry beat and shot a victim. The charging document did not distinguish between the beating and the shooting, and the trial court did not instruct the jury to determine if two separate and distinct acts were committed. Our Supreme Court concluded the attempted murder conviction and the aggravated battery conviction were multiplicitous because the acts for which he was convicted arose out of a single wrongful act when the defendant perpetrated a series of violent acts simultaneously. 266 Kan. at 229-30.

In the multiple acts context, a Wisconsin case is persuasive. See *State v. Giwosky*, 109 Wis. 2d 446, 326 N.W.2d 232 (1982). There,

the Wisconsin court addressed the issue where the State charged one count of battery for an incident involving distinct acts. The victim testified Giwosky threw a log, hitting the victim in the head. Additionally, a struggle followed and the defendant hit and kicked the victim in the back. The court was called on to decide whether the defendant's right to a unanimous verdict was violated when the trial court did not instruct the jury it had to be unanimous as to whether the defendant committed battery when he threw the log or during the altercation on the river bank. The court held that when the factual circumstances involve a short, continuous, single incident, jury unanimity required only that the jury agree to an act of the crime charged, not which particular act. 109 Wis. at 451.

As in *Perry* and *Giwosky*, the evidence here supports only a brief time frame in which the aggravated battery occurred. Once defendant initiated the altercation, no break in the action of any length occurred, and the confrontation continued until defendant broke the victim's cheekbone. Simply put, the evidence established a continuous incident that simply cannot be factually separated. No "multiple acts" instruction was necessary.

## EXCLUSION OF TESTIMONY

Defendant claimed self-defense at trial and now argues the trial court erred in excluding testimony regarding the victim's prior altercations with others. A trial court's ruling regarding the admissibility of evidence is subject to an abuse of discretion standard of review. *State v. Vaughn*, 254 Kan. 191, 204, 865 P.2d 207 (1993). The party asserting a court has abused its discretion bears the burden of showing the same. *State v. Stallings*, 262 Kan. 721, Syl. ¶ 7, 942 P.2d 11 (1997).

Based upon our review of this record, we conclude the district court did not abuse its discretion when excluding certain evidence.

Affirmed.