(193 P.3d 472)
No. 98,186

STATE OF KANSAS, *Appellant,* v. NELS F. BAATRUP, *Appellee.*

Opinion filed October 3, 2008.

*Robert D. Hecht*, district attorney, and *Paul J. Morrison*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before RULON, C.J., HILL, J., and KNUDSON, S.J.

HILL, J.: Because of the way our statutes are drafted, there is often more than one way to commit a crime. For example, if a driver is under the influence of alcohol to a degree that he or she is unable to drive a car safely, he or she is guilty of driving under the influence of alcohol. See K.S.A. 2006 Supp. 8-1567(a)(3). In like manner, if the concentration of a driver's blood alcohol exceeds the legal limit within 2 hours of driving, that driver is guilty of driving under the influence of alcohol. See K.S.A. 2006 Supp. 8-1567(a)(2).

In Nels F. Baatrup's case, the trial court told the jury the State had presented two alternative charges. First, Baatrup was incapable of driving safely because of alcohol consumption. Second, Baatrup was driving with a blood alcohol concentration exceeding the legal limit 2 hours after driving. The court told the jury the two theories make up one crime and the jurors had to sign the verdict form for the theory upon which they all agreed. The jury signed both verdict forms. Obviously, the jury found Baatrup guilty of driving under the influence of alcohol.

In this question reserved for appeal, the State wants us to rule that it is no longer necessary to instruct the jury as the trial court did here because of recent rulings by the Kansas Supreme Court. The State contends the trial court's jury instruction was misleading because it made the jurors all agree on one theory or the other. In the State's view, all the jury needed to agree on was the guilt of Baatrup. The State argues that some of the jurors could find him guilty under one theory and some guilty under the other, but they all must agree he was guilty.

We hold this case is a multiple acts case because Baatrup's acts that give rise to the conviction are not one course of conduct and they are factually separated. Under the first theory, Baatrup must

act in such a way that it shows he was incapable of driving a car safely because of alcohol consumption. Under the second theory, Baatrup must simply have an illegal blood alcohol content within 2 hours of driving. Therefore, we hold the jurors must all agree on the theory of guilt. Under these facts, it is proper to give the instruction to the jurors to sign the verdict form on which they all agree, as the trial court did here.

*We repeat the background facts and repeat the court's instruction.*

In February 2006, the State charged Nels F. Baatrup with one count of driving under the influence of alcohol or drugs. The State asserted two theories. The State contended under K.S.A. 2006 Supp. 8-1567(a)(3) that Baatrup, while driving, was under the influence of alcohol to a degree that made him incapable of safely driving a car. In the alternative, the State asserted under K.S.A. 2006 Supp. 8-1567(a)(2) that Baatrup, while driving, had an alcohol concentration in his breath of .08 or more as measured within 2 hours of the time of operating the car.

The court held a jury trial in 2006. At the instructions conference, the district court presented instructions for both of the State's theories. Because the court intended to instruct the jury about both theories, the district court proposed to give instruction No. 9 to the jury. The State objected to this instruction, and it is from this matter the State appeals.

Instruction No. 9 uses language from PIK Crim. 3d 70.01-B:

"INSTRUCTION NO. 9

"The defendant is charged in the alternative with operating a vehicle while having a blood alcohol concentration of .08 or more or operating a vehicle while under the influence of alcohol. *You are instructed that the alternative charges constitute one crime.*

"You should consider if the defendant is guilty of operating a vehicle while having a blood alcohol concentration of .08 or more and *sign the verdict upon which you agree.*

"You should further consider if the defendant is guilty of operating a vehicle while under the influence of alcohol and *sign the verdict upon which you agree.*" (Emphasis added.)

At the end of the trial, the district court read instruction No. 9 to the jury. By signing both verdict forms, the jury found Baatrup

guilty of driving under the influence in violation of K.S.A. 2006 Supp. 8-1567 by operating a vehicle while under the influence of alcohol to a degree that rendered him incapable of safely driving a car. Also, the jury found Baatrup guilty of driving under the influence by having an alcohol concentration in his blood of .08 or more within 2 hours of driving.

*The State's specific question merits review.*

The question reserved by the State, as stated in its notice of appeal, asks whether

"a jury in order to find a defendant guilty of driving under the influence as defined by K.S.A. [2006 Supp.] 8-1567 must make an unanimous determination that either a defendant's alcohol concentration exceeded the legal limit or the defendant was under the influence to a degree that rendered the defendant incapable of safely driving a vehicle; or whether a jury may rely upon alternative means to find a defendant guilty of driving under the influence."

The question reserved by the State has the likelihood of arising in the future. K.S.A. 2007 Supp. 8-1567(a) has kept the same language from K.S.A. 2006 Supp. 8-1567(a), and the issue raised in this appeal is not fact-specific. See L. 2007, ch. 181, sec. 9; July 1. For those reasons, resolution of this question will provide helpful precedent in future cases. Therefore, we keep jurisdiction under K.S.A. 22-3602(b)(3).

*The basis of the State's argument relies on a recent Supreme Court case.*

Citing *State v. Stevens*, 285 Kan. 307, 172 P.3d 570 (2007), the State argues that a unanimous verdict for its alternative theory under K.S.A. 2006 Supp. 8-1567(a)(2) is not needed so long as the jury unanimously agrees the defendant is guilty of the crime of driving under the influence. Based on this argument, the State requests this court to find that giving PIK Crim. 3d 70.01-B instruction is no longer necessary for driving under the influence of alcohol prosecutions.

This is a question of law. Therefore, this court exercises unlimited review over issues of jury unanimity. *Stevens*, 285 Kan. at 312. Under K.S.A. 22-3421, a criminal defendant has the right to a unanimous jury. See also K.S.A. 22-3423(1)(d) (mistrials). But we

note that the right to a unanimous jury verdict is not constitutional in origin but statutory. See *State v. Holt*, 285 Kan. 760, 766-67, 175 P.3d 239 (2008).

*We examine first the doctrine of jury unanimity.*

Our Supreme Court directs the threshold question in any unanimity challenge is to first decide whether the defendant's conduct under the statute is part of one act or represents multiple acts which are separate and distinct from each other. *Stevens*, 285 Kan. at 313-14; *State v. Voyles*, 284 Kan. 239, 244, 160 P.3d 794 (2007).

" ' "In a multiple acts case, several acts are alleged and any one of them could constitute the crime charged. . . . [Citations omitted.] Whether a case is a multiple acts case is a question of law over which this court has unlimited review. [Citation omitted.]" *State v. Davis*, 275 Kan. 107, 115, 61 P.3d 701 (2003). The threshold question in a multiple acts analysis is whether the defendant's conduct is part of one act or represents multiple acts which are *separate and distinct* from each other. [Citation omitted.]' (Emphasis added.)" *Voyles*, 284 Kan. at 244.

Therefore, to ensure jury unanimity in multiple acts cases, " 'either the State must inform the jury which act to rely on in its deliberations or *the court must instruct the jury to agree on a specific criminal act.*' " (Emphasis added.) *Voyles*, 284 Kan. at 244-45; see also *Stevens*, 285 Kan. at 313 (stating the jury must be unanimous on which act or incident constitutes the crime).

The need for jury unanimity for each criminal act distinguishes multiple acts cases from alternative means cases. In alternative means cases, jury unanimity is needed only on guilt for the single crime charged; the jury need not be unanimous about the means by which the crime was committed so long as substantial evidence supports each alternative means. *State v. Timley*, 255 Kan. 286, 289, 875 P.2d 242 (1994); see generally Beier, *Lurching Toward the Light: Alternative Means and Multiple Acts Cases in Kansas*, 44 Washburn L.J. 275 (2005) (discussing Kansas case law's historical approach to alternative means and multiple acts cases); *Voyles*, 284 Kan. at 252, 262-63.

To decide whether multiple acts are involved, we apply the test described in *State v. Kesselring*, 279 Kan. 671, 683, 112 P.3d 175 (2005). *Kesselring* states that incidents are not continuous when

they are "factually separated." 279 Kan. at 683. " 'Incidents are factually separate when independent criminal acts have occurred at different times or when a later criminal act is motivated by "a fresh impulse.' " [Citation omitted.]" 279 Kan. at 683; *cf. State v. Staggs*, 27 Kan. App. 2d 865, Syl. ¶ 2, 9 P.3d 601, *rev. denied* 270 Kan. 903 (2000) ("When the factual circumstances of a crime involve a short, continuous, single incident comprised of several acts individually sufficient for conviction, jury unanimity requires only that the jury agree to an act of the crime charged, not which particular act."); see also PIK Crim. 3d 68.09-B, Notes on Use.

*We examine* State v. Stevens.

In *Stevens,* the Kansas Supreme Court applied the *Kesselring* test to decide whether "operating" or "attempting to operate" under K.S.A. 2006 Supp. 8-1567(a)(3) constituted multiple acts. 285 Kan. at 314. In that case an officer was called to a residence for a criminal trespass complaint. On arrival, the officer saw the defendant exit the driver's side of his Jeep and stumble towards the residence. After the officer approached the defendant, the officer noticed a strong odor of alcohol coming from the defendant. When asked, the defendant admitted to drinking but refused to explain why he got out of the driver's side of the Jeep. At the Jeep, the officer saw the key in the ignition, an alcoholic drink can in both the driver's side and passenger's side door cup holders, and a brown paper bag containing a half-empty bottle of whiskey. After he was arrested, the defendant gave a deficient breath-test sample. 285 Kan. at 311, 317.

From this evidence, the State charged the defendant with "operating or attempting to operate" a motor vehicle while under the influence of alcohol in violation of K.S.A. 2006 Supp. 8-1567(a)(3). Under this charge, defense counsel asserted the State was, in reality, asserting two theories: "operating" or "attempting to operate"; thus, defense counsel requested the State choose its theory of prosecution. The court denied this request and allowed the State to proceed under both theories. The defendant was convicted of operating or attempting to operate a vehicle while under the influence of alcohol. 285 Kan. at 311.

On appeal, the defendant argued the district court erred in not requiring the State to elect its theory of prosecution to ensure his right to a unanimous jury verdict. Specifically, the defendant suggested that because operating or attempting to operate were set out together, it was unclear which act served as the basis for his conviction. The Court of Appeals rejected this argument. Declining to adopt the defendant's argument for a multiple acts analysis, the Court of Appeals viewed the case as an alternative means case. In applying the standards for alternative means cases, the Court of Appeals found there was enough evidence to support both theories of "driving" and "attempting to drive" under the influence of alcohol. 285 Kan. at 312-13.

The Supreme Court examined the facts against the multiple acts test set forth in *Kesselring*. The Court held that "Stevens' conduct did not consist of multiple acts; rather, it was a continuing course of conduct not motivated by a fresh impulse. Thus, a further multiple acts analysis is unwarranted." 285 Kan. at 314. In affirming the Court of Appeals' decision, the Supreme Court decided that "the DUI statute . . . provides alternative means of committing the same crime." 285 Kan. at 316.

Here, the State asks this court to find the same result. But when we apply *Stevens* to the circumstances in this case, we think a multiple acts analysis becomes warranted. For example, to support a guilty verdict under K.S.A. 2006 Supp. 8-1567(a)(3), a defendant must commit acts showing the defendant was operating or attempting to operate a vehicle while under the influence of alcohol to a degree that the defendant was incapable of safely driving a car. In contrast, under K.S.A. 2006 Supp. 8-1567(a)(2), the only "act" the defendant must commit is producing a blood or breath alcohol concentration test result that exceeds the legal limit within 2 hours of the time of operating a car. Through the requirements of K.S.A. 2006 Supp. 8-1567(a)(3) and K.S.A. 2006 Supp. 8-1567(a)(2), a defendant's conduct becomes factually separated. Therefore, under the test in *Kesselring*, this case becomes a multiple acts case.

In dealing with this issue the district judge reasoned:

"The thing that — as I sort of process this, is one concern about just saying, well, eight could vote for .08, and four could vote for impairment or whatever or

some mixture, if there is some issue, if a case goes up on appeal with regard to insufficiency of evidence on one or the other, I don't — you know, it's unclear to me whether — because it's charged alternatively with different sections, whether or not the court might then send it back for a total retrial because they couldn't figure out which of the two was — if you combined the verdict form. Because I think if we change this we probably have to combine the verdict form in the alternative, that the jury could either find that the defendant was operating the vehicle while having the blood alcohol concentration of .08 or more, or while under the influence of alcohol to the extent that he was impaired.

"So I guess I have a little bit of a problem as to which it is, *based on the way that the statute is written.* And part of me thinks it's a little cleaner to actually have two separate instructions and, obviously, the alternative instruction, and then also two separate verdict forms." (Emphasis added.)

Obviously, the district court looked at the statute first and recognized Baatrup's actions called for more than one verdict form so the jury could either agree on one or the other (or both as they did here). There are different facts for each theory in this case.

We believe this finding is consistent with *Stevens* because the Supreme Court relied on the *same set of facts* in deciding there was enough evidence to support either the theory of "operating" or "attempting to operate." See 285 Kan. at 316-17. The district court was correct in overruling the State's objection and directing the jury to give separate verdicts for each of the State's theories under its version of PIK Crim. 3d 70.01-B.

Appeal denied.