This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                 **NO. 31,663**

**MARK FIRSCHING,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellant

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** The State appeals the district court's order granting Defendant's motion for judgment notwithstanding the verdict and dismissing the complaint, based on the general/specific statute rule. The district court determined that the State was precluded from seeking a conviction for the general offense of forgery, rather than the more specific offense of seeking to obtain dangerous drugs by unlawful means. For the reasons that follow, we affirm.

**BACKGROUND**

**{2}** The underlying criminal proceedings stem from an incident in which Defendant apparently attempted to obtain a larger quantity of the prescription drug Xanax than his doctor had prescribed.

**{3}** Defendant was initially charged with two offenses: (1) acquisition or attempt to acquire a drug precursor by misrepresentation, in violation of NMSA 1978, Section 30-31B-12(A)(3) (2004); and (2) forgery (make or alter), in violation of NMSA 1978, Section 30-16-10(A) (2006). Approximately one week before trial, the State filed an amended criminal information, charging Defendant instead with: (1) attempt to obtain any dangerous drugs or to procure or attempt to procure the administration of any dangerous drugs other than a controlled substance by forgery or alteration of a prescription or written order, in violation of NMSA 1978, Section 26-1-22(B) (1972); and (2) falsely make or alter any signature to, or any part of any writing, purporting to have any legal efficacy with intent to injure or defraud, contrary to Section 30-16-

10(A)(1), or in the alternative, give or deliver to another a prescription knowing it to be a false writing or to contain a false signature or endorsement with intent to injure deceive or cheat another, contrary to Section 30-16-10(A)(2).

{4} Prior to the start of trial, Defendant objected to the amended criminal information as to the first count on grounds that it constituted an entirely new crime that was in a different statutory section and because the eleventh-hour amendment prejudiced him. The district court agreed and denied the State's request to amend as to the first count. With respect to the second count, the district court allowed the amendment. Thereafter, the State elected to proceed to trial solely on the second count of forgery.

{5} At trial, the State presented evidence that Defendant had submitted a prescription to a pharmacist for Xanax. Because the quantity of pills written on the prescription appeared to be suspect, the pharmacist called the physician's office for verification. The pharmacist testified that 84 pills had been prescribed, as opposed to the 134 pills, which was written on the prescription. Defendant's subsequent interview with a narcotics agent was played for the jury, during which Defendant stated that he had tried to write the number 84, not 134, on the prescription where it had been smudged after getting wet.

{6} After hearing the evidence and receiving instruction on the State's alternative theories of forgery, the jury returned a general guilty verdict. Thereafter, Defendant

3

moved the district court to set aside the verdict based on the general/specific statute rule. The district court granted the motion, and this appeal followed.

**STANDARD OF REVIEW**

**{7}** We review the district court's application of the general/specific statute rule de novo. *State v. Santillanes*, 2001-NMSC-018, ¶ 9, 130 N.M. 464, 27 P.3d 456.

**DISCUSSION**

**Waiver**

**{8}** As an initial matter, the State contends that Defendant's objection to the State's attempt to amend the criminal information prior to trial effectively waived any argument that he should have been charged under Section 26-1-22(B) (unlawful means of obtaining dangerous drugs, by forgery or alteration), as opposed to Section 30-16-10(A) (forgery). For several reasons we disagree.

**{9}** First, as an abstract proposition, it is not clear to us that an objection based on the general/specific statute rule is subject to waiver. *See Santillanes*, 2001-NMSC-018, ¶¶ 11, 13 (noting "the close relationship between the general/specific statute rule and the principle of double jeopardy," and observing that ultimately, "if the general/specific statute rule applies . . . the prosecutor is *compelled* to proceed under the specific law and is *precluded* from charging the defendant under the general law" (emphasis added)); *cf. State v. Jackson*, 1993-NMCA-092, ¶ 13, 116 N.M. 130, 860

P.2d 772 (reading the language of NMSA 1978, Section 30-1-10 (1963), to preclude the waiver of double jeopardy claims).

{10} Second, we fail to see how Defendant's objection to the eleventh-hour amendment of the criminal information on the basis that it was a new charge pursuant to Rule 5-204 NMRA could be said to have the effect of waiving the application of the general/specific statute rule. We perceive no theoretical or logical relationship between these matters, and the State provides us with none.

{11} Third and finally, we note that the State provides no authority supporting its position that, by objecting to the amended criminal information, Defendant waived any later argument that the State was required to charge under that section. *See generally State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("In the absence of cited authority, we assume that none exists and decline to consider the argument further."), *cert. quashed*, 2013-NMCERT-010, 313 P.3d 251. In this regard, we specifically note that, to the extent that the State charged the wrong offense and failed to rectify the matter in a timely fashion, Defendant cannot be said to have invited the State's error.

{12} In light of the foregoing considerations, we reject the State's waiver argument.

**General/Specific Statute Rule**

{13} The State argues that it was not required to charge under Section 26-1-22(B) because the general/specific statute rule is inapplicable. We disagree. "The goal of the

5

general/specific statute rule in the context of criminal law is to determine whether the Legislature intends to punish particular criminal conduct under a specific statute instead of a general statute." *Santillanes*, 2001-NMSC-018, ¶ 11. "[W]e determine whether the general/specific statute rule applies to two criminal statutes by comparing the elements of the crimes and, if necessary, resorting to other indicia of legislative intent." *Id.* "[I]f the general/specific statute rule applies under this analysis, then the prosecutor is compelled to proceed under the specific law and is precluded from charging the defendant under the general law." *Id.*

{14} In order to determine "whether the Legislature intended to circumscribe prosecutorial charging discretion," we must first "assess whether each provision requires proof of an additional fact that the other does not." *Id.* ¶ 16 (internal quotation marks and citation omitted). "If the elements of the two crimes are the same, the general/specific statute rule applies, and the prosecution must charge the defendant under the special law absent a clear expression of legislative intent to the contrary." *Id.* (internal quotation marks and citation omitted). "If the elements differ, however, there is a presumption that the Legislature intended to create separately punishable offenses and, concomitantly, intended to leave prosecutorial charging discretion intact; further inquiry is then necessary to determine whether the presumption stands." *Id.*

{15} In pertinent part, the elements of forgery as applied to the facts of this case and as given to the jury are as follows: (1) Defendant changed a genuine prescription so

6

that its effect was different from the original; and (2) Defendant intended to injure, deceive, or cheat Lowe's or another. *See generally State v. Foster*, 1999-NMSC-007, ¶ 28, 126 N.M. 646, 974 P.2d 140 (stating that "we must presume that a conviction under a general verdict requires reversal if the jury is instructed on an alternative basis for the conviction that would result in double jeopardy, and the record does not disclose whether the jury relied on [the unconstitutional] alternative"), *abrogated on other grounds by State v. Frazier*, 2007-NMSC-032, ¶¶ 31-35, 142 N.M. 120, 164 P.3d 1. By contrast, the elements of the offense of unlawful means of obtaining dangerous drugs, in pertinent part, are: (1) the defendant attempted to obtain possession of a dangerous drug; and (2) the defendant did so by forgery or alteration of a prescription or of any written order. *See* § 26-1-22(B); *see generally State v. Swick*, 2012-NMSC-018, ¶ 12, 279 P.3d 747 (observing that, where a statute is written in the alternative, it is necessary to consider the prosecution's legal theory in assessing whether each statute requires proof of a fact that the other does not).

{16}     We understand the State's argument to be that each offense contains an element that the other does not, insofar as forgery incorporates the specific intent to injure, deceive, or cheat, and unlawful means of obtaining dangerous drugs requires the attempt to obtain dangerous drugs. However, we agree with Defendant that, under the State's legal theory, all of the elements of forgery are incorporated into the crime of unlawful means of obtaining dangerous drugs by virtue of the reference to forgery in

7

Section 26-1-22's second element. The alternative reference to alteration does not, in our estimation, support a different result. *See generally State v. Schackow*, 2006-NMCA-123, ¶ 21, 140 N.M. 506, 143 P.3d 745 ("[W]here it is unclear from the verdict, we do not presume that the jury decided on grounds that do not violate the Double Jeopardy Clause."). Further, the State does not cite any authority supporting its argument that we should read forgery and alteration as distinct, and we are aware of no such authority.

{17}     Insofar as the elements of the offense of forgery are subsumed within the elements of the offense of unlawful means of obtaining dangerous drugs, our inquiry is essentially at an end. *See Santillanes*, 2001-NMSC-018, ¶ 18 (observing that "[m]ost criminal cases involving the general/specific statute rule will be resolved through the elements-based inquiry"). While an identity of elements does not ineluctably signify legislative intent to limit prosecutorial discretion, the State advances no argument that this is an "exceptional case" warranting further analysis, *see id.*, and we are aware of nothing that could be characterized as "a clear expression of legislative intent to the contrary." *Id.* ¶ 16 (internal quotation marks and citation omitted). Accordingly, we conclude that it was incumbent upon the State to charge Defendant with the more specific offense.

{18}     As the New Mexico Supreme Court has previously observed, "it may be difficult in some circumstances to determine which of two laws can be characterized

8

as specific and which can be characterized as general." *State v. Cleve*, 1999-NMSC-017, ¶ 28, 127 N.M. 240, 980 P.2d 23. In this case, however, we believe it is self-evident that the offense of unlawful means of obtaining dangerous drugs is the specific offense, particularly in light of the fact that it subsumes the elements of the more general offense of forgery.

{19}    In light of the foregoing considerations, we conclude that the State was required to prosecute under the special statute, unlawful means of obtaining dangerous drugs. Consequently, Defendant's conviction under the general statute, forgery, was properly vacated. *See, e.g.*, *State v. Blevins*, 1936-NMSC-052, ¶¶ 11-13, 40 N.M. 367, 60 P.2d 208 (applying the general/specific statute rule, concluding that prosecutorial discretion was limited due to an identity in elements and therefore reversing a conviction under a more general statute).

**CONCLUSION**

{20}    For the reasons stated, we affirm.


{21}    **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**TIMOTHY L. GARCIA, Judge**