NOT DESIGNATED FOR PUBLICATION

No. 118,183

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAROLD E. RICHARDSON JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed October 19, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM:  Harold E. Richardson Jr. appeals from his jury conviction of a single count of being a felon in possession of a weapon. Since he was found with two knives on his person at the time of his arrest, Richardson argues that the district court erred by not providing the jury with a unanimity instruction, which might have led to jury confusion as to which knife constituted the weapon in the charge. Because we find that any error was harmless in the context of this case, we affirm Richardson's conviction.

FACTS

In February 2017, Sedgwick County Sheriff Deputy Seth Lenker arrested Richardson at the Offender Registration Unit. Richardson had a warrant for his arrest at that time. Lenker searched Richardson after arresting him and discovered that Richardson was carrying two knives. Richardson was charged with a single count of being a felon in possession of a weapon because of the knives. A jury trial was held on the charge.

At trial, Deputy Lenker described both of the knives as having "fixed blades, meaning that the handle and the blade are one. They don't bend, they don't fold to close." Each knife was about 5 to 6 inches long, including handle and blade. The knives were offered and admitted as exhibits at trial.

Sedgwick County Sheriff Deputy Jonathan Carpenter transported Richardson from the Offender Registration Unit to the jail. Carpenter also picked up the knives and transported them to evidence storage. Carpenter looked at the knives at trial. He estimated that one knife was about 9 inches long, including the handle. That knife came to a sharp point with two sharp edges. Carpenter described the second knife as about 9 inches long, including the handle. The knife had a sharp point but only one sharpened edge.

After the State rested, defense counsel requested a unanimity instruction. Counsel was concerned that because there were two knives at issue in the charge, some members of the jury might not unanimously agree which knife constituted a weapon under the statute. The State argued that a unanimity instruction was not required. The court denied the request for a multiple acts/unanimity instruction.

The parties agreed that Richardson had been convicted of a felony within the preceding 10 years, had not been found in possession of a firearm in the previous conviction, and the conviction had not been expunged or pardoned.

The jury found Richardson guilty of criminal possession of a weapon and was sentenced to 21 months' imprisonment. Richardson has timely appealed from his conviction.

ANALYSIS

A defendant has a statutory right to a unanimous jury verdict on a charged crime. *State v. Voyles*, 284 Kan. 239, 250-51, 160 P.3d 794 (2007); see K.S.A. 22-3421; K.S.A. 22-3423(1)(d).

Richardson argues on appeal that the district court erred by not giving the jury a unanimity instruction. His argument hinges on the idea that "weapon" and "knife" are defined by statute, and it is conceivable that some of the jurors could have found that one of the knives he possessed was not a weapon while the other was a weapon as defined by the statute. He argues that without a unanimity instruction there is no way to know that each juror found that one specific knife was a weapon as defined by the statute.

Our Supreme Court has clearly set out the rules to determine when a unanimity instruction is required:

> "Unanimity instruction errors are reviewed under a three-part framework. First, the reviewing court determines whether a multiple acts case is presented. The threshold question is whether jurors heard evidence of multiple acts, each of which could have supported conviction on a charged crime. *State v. King*, 299 Kan. 372, Syl. ¶ 1, 323 P.3d 1277 (2014). This is a question of law subject to unlimited review. *State v. Santos-Vega*, 299 Kan. 11, 18, 321 P.3d 1 (2014) (citing [*State v. ]Voyles*, 284 Kan. [239,] 244[, 160

3

P.3d 794 (2007)]). If the case is a multiple acts case, the next question is whether error was committed. To avoid error, the State must have informed the jury which act to rely upon or the district court must have instructed the jury to agree on the specific act for each charge. Failure to elect or instruct is error. Finally, the court determines whether the error was reversible or harmless. *Santos-Vega*, 299 Kan. at 18." *State v. De La Torre*, 300 Kan. 591, 596, 331 P.3d 815 (2014).

To find the error harmless this court must be "'firmly convinced that under the facts the jury would have returned a different verdict if the unanimity instruction had been given.'" *De La Torre*, 300 Kan. at 596 (quoting *State v. Santos-Vega*, 299 Kan. 11, 18, 321 P.3d 1 [2014]); see also *State v. Trujillo*, 296 Kan. 625, 631, 294 P.3d 281 (2013) (clarifying that constitutional harmless error test in *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 [2011], does not apply in unanimity cases).

The first thing we must determine is whether the situation here is a multiple acts case. The Kansas Supreme Court has determined that

"'acts are multiple acts if they are factually separate and distinct. Further, "'[i]ncidents are factually separate when independent criminal acts have occurred at different times or when a later criminal act is motivated by a "fresh impulse."'" In addition, this court has identified other factors for determining if there is unitary conduct in a multiple acts case. These factors include: "(1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct."'[Citations omitted.]" *State v. Moyer*, 306 Kan. 342, 360, 410 P.3d 71 (2017).

The State argues that this case does not involve multiple acts. And looking purely at the above factors suggests that the State is correct. Richardson possessed the knives at the same time and at the same location. There was no intervening event and no evidence of a "fresh impulse motivating some of the conduct." See *Moyer*, 306 Kan. at 360.

4

To bolster its argument, the State also points to *State v. Unruh*, 281 Kan. 520, 529, 133 P.3d 35 (2006). In *Unruh*, the Kansas Supreme Court held that there were no multiple acts, and as such no requirement for a unanimity instruction, when the defendant was charged with possession of methamphetamine found in various locations. 281 Kan. at 528-29. Unruh was driving a van which was pulled over. The van was searched and methamphetamine was located in four different locations on his person or in the van. He was charged, in part, with one count of possession of methamphetamine. The Kansas Supreme Court reasoned that a unanimity instruction was not required because the case did not "involve different acts of actual possession versus constructive possession" and "there was no temporal, geographic, or other separation or severance of the acts." 281 Kan. at 529. The court also held that similar reasoning controlled in a charge of possession of drug paraphernalia with intent to manufacture. 281 Kan. at 530-32. As the court stated: "[T]he fact that there were multiple items of evidence does not make this a multiple acts case." 281 Kan. at 530.

In contrast, Richardson relies on this court's opinion in *State v. Barber*, 26 Kan. App. 2d 330, 988 P.2d 250 (1999), *abrogated on other grounds by State v. Hill*, 271 Kan. 929, 26 P.3d 1267 (2001). The court in *Barber* held that the district court erred in not giving a unanimity instruction. 26 Kan. App. 2d at 331. Barber was charged with one count of criminal possession of a firearm. Barber possessed a gun during a disturbance. He left the scene and a passenger in his car threw the gun out the window of the car. Barber later returned with a different gun in his possession. The jurors were not instructed that they "must all agree that the same criminal act must be proved beyond a reasonable doubt." 26 Kan. App. 2d at 331. The court held that this was error without going into great detail of the analysis because the State conceded that an instruction should have been given. Instead, the court spent the bulk of the holding discussing the harmless error calculation. 26 Kan. App. 2d at 331-32.

Richardson concedes that the acts in *Barber* were separated in time. He instead focuses on the idea that there was no dispute that either of the guns in *Barber* would satisfy the elements of the crime charged. Richardson's argument hinges on the statutory definition of weapon.

To find Richardson guilty of criminal possession of a weapon, the jury was required to find that he possessed "a firearm or a knife." See K.S.A. 2017 Supp. 21-6304(c)(2). Our statutes define a knife as "a dagger, dirk, switchblade, stiletto, straight-edged razor or any other dangerous or deadly cutting instrument of like character." K.S.A. 2017 Supp. 21-6304(c)(1).

Richardson argues that because his knives were not identical, some of the jurors might have considered that one of the knives was not a weapon as defined by the statute, and thus it is impossible to tell if the jury was unanimous. As an example, Richardson argues that the case would be different if the knives were identical because then the court could be sure that either knife would support the conviction. Or if he had been in possession of two baggies of methamphetamine, there would be no unanimity instruction required because the methamphetamine, while separate, was identical. The same cannot be said of the knives Richardson carried.

While the situation in this case may not fit neatly into the factors used to determine whether a multiple acts issue exists, the underlying concern remains. See *Moyer*, 306 Kan. at 360. Richardson had a right to a unanimous jury. See K.S.A. 22-3421; K.S.A. 22-3423(1)(d); *Voyles*, 284 Kan. at 250-51. And because under Kansas law a knife is not always a knife, we cannot say with complete certainty that the jury was unanimous in deciding which knife constituted a weapon for the purpose of Richardson's crime. See K.S.A. 2017 Supp. 21-6304(c)(2). Given this, we believe that a unanimity instruction was required. However, that does not end our review of the issue. We must also determine whether the error was harmless. *De La Torre*, 300 Kan. at 596.

6

While we cannot say with complete certainty that the jury was unanimous, complete certainty is not required to find the error harmless. To find the error harmless we must be "firmly convinced that under the facts the jury would have returned a different verdict if the unanimity instruction had been given." *De La Torre*, 300 Kan. at 596.

The evidence in this case showed that each knife was 5 to 9 inches long. Each had a straight and fixed blade. Both came to a sharp point. One had one sharpened edge, while the other had two sharpened edges. Pictures of the knives are not included in the record, but the verbal description of the knives by the State's witnesses is clear. Each knife easily falls into the definition set out in K.S.A. 2017 Supp. 21-6304(c)(1). Richardson was not carrying a small whittling knife or multi-tool. He was carrying large, straight-edged knives. Either of these knives could easily be considered weapons under K.S.A. 2017 Supp. 21-6304(c)(2). Given the facts of this case, the error in not presenting the jury with a unanimity instruction was harmless. We are firmly convinced that, if the instruction had been given, the verdict would not have been different.

Affirmed.

* * *

ATCHESON, J., concurring: I agree that any error in failing to instruct the jury on multiple acts was harmless and did not deprive Defendant Harold E. Richardson Jr. of a fair trial. So I concur in affirming his conviction for criminal possession of a weapon in violation of K.S.A. 2017 Supp. 21-6304. But I look at the issue a little differently than the majority does.

Richardson undisputedly had been previously convicted of a felony that prohibited him from possessing a firearm or a knife. A Sedgwick County sheriff's deputy arrested

7

Richardson on a warrant and searched him. The search turned up two knives. The State charged Richardson with one count of violating K.S.A. 2017 Supp. 21-6304(a), which prohibits certain convicted felons from possessing "any weapon." A "weapon" is defined as "a firearm or a knife," and in turn a "knife" is defined as "a dagger, dirk, switchblade, stiletto, straight-edged razor or any other dangerous or deadly cutting instrument of like character." K.S.A. 2017 Supp. 21-6304(c)(1) and (2).

A jury convicted Richardson as charged. He contends there is a multiple acts problem in convicting him of one count of unlawful possession because he had two knives—one of the knives might have qualified under the statutory definition and the other might not have. Unless the jurors were told they had to agree on which knife violated the statute, he could have been convicted without a unanimous verdict.

For purposes of resolving the appeal, I would presume without deciding that possession of two knives creates a multiple acts problem based on the unit of prosecution for K.S.A. 2017 Supp. 21-6304. See *State v. Schoonover*, 281 Kan. 453, 497-98, 133 P.3d 48 (2006) (discussing test for multiple acts and unit of prosecution); *State v. Umphenour*, No. 116,577, 2018 WL 2271419, at *5 (Kan. App. 2018) (unpublished opinion) (recognizing and applying *Schoonover*). Each qualifying weapon arguably would be a unit of prosecution and, thus, would support a separate violation of the statute. Under my presumption, a qualifying convicted felon carrying a shotgun and two pistols would be guilty of three separate violations of the statute. So two knives and one count theoretically would present a multiple acts problem.

But the failure to instruct the jurors on a particular legal principle may be considered harmless if the omission would have no effect on their verdict. That's true here because the knives were the same in all material respects—both of them met the statutory definition of a knife or neither of them did. The jury found Richardson guilty so

8

they must have found each knife qualified. Under the circumstances, Richardson could not have been disadvantaged by the omission of a unanimity instruction.

Richardson had no constitutional right to a unanimous verdict. The requirement is purely statutory in noncapital cases tried in state court. See *State v. Schreiner*, 46 Kan. App. 2d 778, 791, 264 P.3d 1033 (2011). The test for harmlessness turns on whether there is "a reasonable probability that the error did . . . affect the outcome of the trial in light of the entire record." *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011). Given the evidence about the knives, the failure to give a unanimity instruction had no effect on the outcome.

The officer who arrested Richardson testified at trial each knife had a straight, fixed blade—they were not switchblades or some other kind of folding knife. He said each knife was five to six inches long, including the blade and the handle. That's about the size of a typical paring knife.

The officer who booked the knives into evidence agreed they were fixed blade knives. But he said each knife was about nine inches long measuring both the handle and the blade—something like a standard-issue steak knife. The officer described one of the knives as having a blade with two sharp edges and the other with a single sharp edge. The difference between otherwise comparable single- and double-edged knives would not be material for purposes of K.S.A. 2017 Supp. 21-6304.

The State admitted the knives as exhibits during the trial, so the jurors got to see and examine them. They necessarily resolved the discrepancy between the officers' estimated lengths of the knives. One or the other officer may have been right or they both may have been mistaken as to the exact length. The knives, however, are not included in the record on appeal. We haven't had the same opportunity as the jurors and must rely on the testimony from the officers in the trial transcript.

9

As I have said, the undisputed evidence does establish the knives were the same length and otherwise comparable. So contrary to Richardson's premise, the jurors could not have determined one of the knives met the statutory definition, while the other one did not. They necessarily had to conclude either would have been sufficient to convict Richardson to return a guilty verdict on the single charge of unlawful possession. Under the circumstances, a unanimity instruction would have been superfluous as a practical matter even if it were legally required. Any error, therefore, was harmless.